Judge Haggin
delivered the opinion of the Court.
LOAN filed a bill in chancery against Willis, alleging, that on the 6th of January, 1821, the latter executed a note to John Fisher, as the administrator Case Stated. John Marlow, deceased, for $94 50, payable twelve months after date; that on the 13th of January in the same year, Fisher assigned it to the complainant; hut had been consumed in the burning of the house of the complainant, shortly afterwards. He prayed a decree against Willis for his money, &c.
Willis, in avoidance of the demand, (for the execution of the note, and /its assignment and loss, are hardly controverted,) states that the intestate had executed to him two notes, and that he, in the fall of the year 1821, had obtained judgment upon them against Fisher, the administrator; and he insists upon an ofl-set.
But the administrator, on his part, alleges demands of a superior dignity, sufficient to cover all the estafe of the decedent.
The material allegations of the hill, the answer Willis and of the administrator, are substantially established, and the prayer of the bill was granted.
It is now contended by Willi’s, that as this is a suit i.n chancery, governed by equitable principles, the common law rule ofpriorily in favor of creditors of supmior dignity, cannot apply; but thatall iust: debts stand in .conscience upon an equality, and that upon the maxim familiar in equity, (he complainant being required to do justice, before he can demand it, the defendant will be entitled to an off-set for the amount of his judgments.
If this had been a bill to. recover upon a note made to Marlow, this defence might avail.
But by the reception of the estate of the intestate, the administrator became liable to the creditors ofsu-perior grade, to the amount; and so far as the.adminis-frator satisfied such demands, or occupied the character of such a creditor, he became entitled individually to the funds; and if in contempt of the preference ferred by the law upon one class of creditors, lie *142 transferred the assets to another, he would have bepn personally liable.
creditor° after so assign-cent »f sueh recovered’a iudgmeut cm bis claims . alministra6 Sc^doas aid his ease.
Judgment a§“^5¿^¿ tor, dt/Wnot «onetudo ■ Sess hiV'ptior/ WigMef. , .' ’.
Triplett, for plaintiff.
With these rights and duties, known to all concerned, an{i relying upon the engagement of Willis to pay the price, Fisher sold and delivered to him the property of. the intestate. But for a reliance upon the express as-Burapeg of VVillis, the administrator would have sold the estate toothers, received the price and applied it to i;h(j (jjsdiai'ge of those obligations which it was his duty first to,.satisfy, and as a faithful administrator, he wogld havg stpod justified to all. Now by a breach of promise op flip, part of Willis, if he shall be sustained by the •court, .¿’-is'b^rwill be frustrated in his just expec-Nations, rendered personally responsible as for a fait liless discharge of his duties, and subjected to loss accordingly, This would surely be unconscientious. It scet^s ,1si jhat purchase by Willis imposed upon hin¡| an obligation to pay, as well in equity as in law, unless other assets came to the hand of the administra-^0!>5 sufficient to pay all the demands of superior grade, classed atiaw.
N,prsj\ouídf he recovery of judgment against the ad-minisfrator, subsequent ta the assignment of the note by ¿he administrator to the complainant, relieve the defen-".daní fromsthi§ obligation; for these judgments left the 'administrator .stíjí at liberty to avail himself of the "want ofasspts^.by the teñáis o.f the act of 181Í; and if fldflitoistraíoi^had' beqn concluded, yet his negli-gCncé,ja¡jd i^atters transacted between him and the ohfigor^áfter notice of the .assignment, should not pro.
'.Jlfcree affirmetftyith costs, &;c,